30838. MULLIGAN *v.* WINGARD, guardian, *et al.*

DECIDED MAY 10, 1945. REHEARING DENIED JUNE 14, 1945.

*C. Wesley Killebrew, W. K. Miller,* for plaintiffs in error.
*Hammond, Kennedy & Yow,* contra.

FELTON, J. In transferring this case to this court the Supreme Court held that the present proceeding was one instituted under the authority of the act of 1941 (Ga. L. 1941, p. 300), Ga. Code Ann., § 74-416. The only question for this court is whether the above act provides the remedy sought in this case. Section 13 of the act provides as follows: "If at any time after the adoption the adopting parents fail faithfully to perform their obligations to the child or if within seven years after his final adoption a child develops feeble-mindedness, epilepsy, insanity or venereal diseases as a result of conditions existing prior to his adoption and of which the adopting parents had no knowledge or information, or for other good cause shown unto the court, a petition setting forth such facts may be filed by any person or public or private agency, showing good cause therefor, in the court which entered the final decree of adoption, and if such conditions are provided [proved?]

to the satisfaction of the court, the adoption may be declared null and void. The court shall thereupon make proper disposition of the child by commitment to an appropriate State institution as provided by the laws of the State of Georgia, or provide for the disposition of the child as may be to his best interest and to that of the State." It seems clear that the legislature intended to provide that if at any time after an adoption the adopting parents failed faithfully to perform their obligations to the child, or any good cause existed why the custody of the child should be taken from the adopting parents and its status altered, a petition setting forth such facts might be filed by any person, or public agency, or private agency, and upon proof the adoption might be set aside. The act provides a ground upon which the adopting parents can move to set aside the adoption, and that is, that they may do so if within seven years after the final adoption a child develops feeble-mindedness, epilepsy, insanity, or venereal diseases as a result of conditions existing prior to the adoption and of which the adopting parents had no knowledge or information. The words following the last named provision "or for other good cause shown to the court, a petition setting forth such facts may be filed by any person or public or private agency," etc., are held to apply only to cases where the adopting parents fail faithfully to perform their duties to the child, or where circumstances require that the adoption be set aside in the interest of the child. The reason for this conclusion is that even if a child developed feeble-mindedness, epilepsy, insanity, or venereal diseases as a result of conditions existing prior to the adoption and of which the adopting parents had no knowledge or information, it would be of no concern to any persons other than the adopting parents whether the adoption should be set aside or not, if the adopting parents were performing their obligations to the child and wished to abide by the adoption. The adoptive parents might not want the adoption set aside, and if they did not, and it was to the best interest of the child that they keep it, no third person or agency has any business meddling in the case. So, under this act, the adoption may be set aside by the adopting parents and at their request for the specific causes set forth in the act for the benefit of the parents and in their interest, or it may be set aside on application of any person or public or private agency in the interest of the child alone based

on some reason why the adopting parent should not have custody. In this case the application was not made by the adopting parent. He is dead. On the other hand the application is not based on any reason having any relationship to the welfare of the child by reason of the treatment by the adopting father, or any other fact pertaining to the relationship of the adopting parent and the child. At the most the presènt application is but an original application for the placing of the child to which the setting aside of the adoption is not a prerequisite, and no necessity for placing the child is shown. The principal purpose of the present action is to set aside the order of adoption. Unless a petition shows on its face that the primary relief sought is either the welfare of the child for good reason shown, or that the principal relief sought is the relief of the adopting parents for causes stated in the act, the court has no authority to set aside the adoption in a proceeding instituted under the said act of 1941. Under the pleadings and facts of the case. the court did not have authority under the act to grant the relief sought and for that reason it did not err in denying it.

Judgment affirmed. Sutton, P. J., and Parker, J., concur.